IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN RE:                                                                       BK09-42027

CURTIS PFEIL & DEBORAH PFEIL               CHAPTER 12

        DEBTORS

DEBTOR'S CHAPTER 12 PLAN

THE ABOVE NAMED DEBTOR, hereinafter referred to collectively as "Debtor", proposes the following Plan under 11 U.S.C. §§ 1221 and 1222.

## I

During the period of this Plan as defined in Paragraph II, the Debtor shall submit such income as is necessary for the performance of this plan to the control of the Chapter 12 Trustee and shall specifically pay the Chapter 12 Trustee the sums set forth herein.

## II

The period of this Plan shall begin on the date of the confirmation of this Plan and shall end on the third anniversary of that date.

## III

The value of the property to be distributed under the Plan during the three years of the Plan is not less than the Debtor's projected disposable income for that three year period. In that Debtor has elected to proceed under §1225(b)(1)(C), Debtor shall not be required to provide quarterly reports to the Chapter 12 Trustee. Debtor shall make payments out of disposable income to unsecured creditors as provided in Paragraph XXIV.

## IV

Funds received by the Trustee pursuant to this Plan and not specifically to be disbursed to a secured creditor under this Plan, shall be used by the Trustee to pay the following claims in the priority indicated:

1. All claims entitled to a priority under 11 U.S.C. § 507.

2. The payment of all administration claims arising in this bankruptcy case, including but not limited to trustee fees, attorney fees and other professional fees.

3. All unsecured claims entitled to priority under the Bankruptcy Code.

4. After payment of the foregoing claims, sums received by the Trustee shall be paid, on a pro-rata basis, to approved and allowed general unsecured claims, including but not limited to the remaining balances owed to any secured creditor after deduction of the value of the collateral received by said creditor, the proceeds of collateral received by said creditor, if any, and the value of payments to be made to said creditor in satisfaction of the secured portion of the claim as set forth in this Plan.

## V

After confirmation of this Plan, the Debtor may pay any charges incurred by the Debtor after the date of confirmation for professional fees, disbursements, expenses or related services without the necessity of application to the court.

## VI

After confirmation of this Plan, the Debtor may incur secured debt including but not limited to operating loans, livestock loans, real estate loans and/or machinery loans and may grant lenders with respect to such loans a security interest, lien, deed of trust or mortgage in the property of the bankruptcy estate, including but not limited to future crops, machinery owned or hereafter acquired, real estate or other personal property of the estate, without the necessity of the filing of a motion or application for authority to incur secured debt or the obtaining of further approval from the U.S. Bankruptcy Court for the District of Nebraska. Any such security interest, lien, deed of trust or mortgage shall be junior and inferior to any such interest provided for in this Plan unless otherwise agreed to by the creditor holding such interest under this Plan.

## VII

The Trustee shall receive, as compensation for services rendered in connection with this case, a fee equal to the percentage of payments made through the offices of the Trustee as such percentage may, from time to time, be established by the United States Attorney General pursuant to 28 U.S.C. § 586, provided that such fees shall not exceed $4000.00 per year or a total of $12,000.00 over the period of the plan.

## VIII

The Debtor's attorney, Joe M. Hawbaker, Hawbaker Law Office, 5405 Decatur, Omaha, NE 68104, shall be paid for the services rendered to the Debtor herein as an administrative and/or priority claim under 11 U.S.C. § 507 and pursuant to Paragraph IV of this Plan.

## IX

The Debtor filed Schedules of Assets and Liabilities and a Statement of Financial Affairs on August 19, 2009 and served a copy of the same on August 20, 2009 pursuant to Local Rule 12-1 of the United States Bankruptcy Court for the District of Nebraska, on all parties listed on the matrix, on the U.S. Attorney and on the Chapter 12 Trustee.

## X

Attached hereto, identified as Exhibit "A" is the Liquidation Analysis required by the Local Rules of this Court.

## XI

The Debtor's projections of farm income, operating expenses, summary of payments under this Plan, administrative expense and the assumptions under which said projections were made are set forth in the attached Exhibit "B".

## XII

The term "secured claim" as used in this Plan shall mean an allowed claim in an amount equal to the present value of the applicable creditor's interest in real or personal property of this estate as established by this Plan or the Confirmation Order of this court. The balance of the claim held by a given creditor, that is, the total allowed claim, whether originally filed as a secured or unsecured claim, less the present value of the applicable creditor's interest in real or personal property of this estate as established by this Plan or the Confirmation Order of this court, shall be deemed to be an unsecured claim. Any mortgage, deed of trust, lien or security interest of any nature held by any creditor of this estate shall be released upon the payment in full of the secured claim held by said creditor as set forth in this Plan. If the value of the real and/or personal property of the estate subject to any mortgage, deed of trust, lien or security interest of any nature held by a given creditor is such that the given creditor does not have a secured claim as defined herein, said creditor shall release any mortgage, deed of trust, lien or security interest held by said creditor upon the entry of an Order of Discharge by this court.

## XIII

In compliance with request of Chapter 12 Trustee and Local Rule 3015-1, Debtor states that other than changes previously approved by the Court pursuant to approved motions or stipulations, or changes required in the ordinary course of business and reflected approximately in Exhibit B to the Plan, there have been no changes in the Debtor's assets or liabilities from the date of filing of the petition through the date of filing of the Plan.

## XIV

The Debtor owns
**1)** 20 acres in the FCL N1/2SE1/4 and FCL W1/2SW1/4SE1/4 29-2-18, Harlan County, ($16,963 = TAV + 15%), **2)** an undivided one-fourth interest in Lot 19, Block 11, Alma Nebraska ($1875 = TAV), **3)** an undivided one-fourth interest in a 39 acre tract of land in the FCL N1/2SE1/4 and FCL W1/2SW1/4SE1/4 29-2-18, Harlan County ($9033 = TAV + 15%), and **4)** an undivided one-fourth interest in approximately 160 acres in S1/2N1/2 17-5-29, Frontier County ($16,500 = TAV + 15%), for a total value equal to $44,371 ("Real Estate"). In addition the Debtor owns a dairy barn with pens and two Coverall buildings, located on SE1/4 29-2-18 ("Dairy Facilities"). There is presently little-to-no market for dairy facilities. The Debtor is no longer milking cows.

## XV

The creditor HARLAN COUNTY TREASURER holds a tax lien interest for payment of real estate taxes as they become due. Debtor will pay real estate taxes before they become delinquent.

## XVI

The Creditor TAC INVESTMENT BANK INC. holds a tax sale certificate interest (#2-09) on the 20 Acres in FCL N1/2SE1/4 & W1/2SW1/4SE1/4 29-2-18. The value of the real estate subject to this tax lien interest is greater than the claim held by this creditor. The Debtor proposes that the secured claim of this creditor be allowed in full, as of the date of confirmation of this Plan, and that said claim be paid as follows: the allowed secured claim, estimated to be approximately $1428.55 shall be paid with interest at the Contract Rate, estimated to be 14%, in a single installment of approximately $1500. This payment shall be made within thirty days of the date of confirmation of this Chapter 12 Plan. The reason for the accelerated payment of this claim lies in the right of the creditor to collect the punitive statutory interest rate of 14%.

The Debtor may prepay at any time in any amount without penalty.

This creditor shall retain its lien interest with respect to the above described property until such time as the claim proposed herein has been paid in full. The above stated payment to this creditor is to be made through the Chapter 12 Trustee. For the purpose of calculating timeliness of payment hereunder, moneys received by the Trustee shall be deemed paid to the creditor.

## XVII

The creditor HARLAN COUNTY TREASURER holds a first priority statutory tax lien on personal property for personal property taxes in the approximate amount of $3714. The value of the property subject to this tax lien is greater than the claim held by this creditor. The Debtor proposes that the secured claim of this creditor be allowed in full, as of the date of confirmation of this Plan, and that said claim be paid as follows: the allowed secured claim, estimated to be approximately $3714 shall be paid with interest at the Formula Rate, estimated to be 5.25% in five (5) equal annual installments of

approximately $864. The first such payment shall be due on or before December 15, 2010, with like payments in the same amount which shall become due and payable on the same date of each year thereafter for an additional four (4) years.

The Debtor may prepay at any time in any amount without penalty. The Debtor proposes that said payments extend for a period in excess of three years in order to provide for the payment in full of the allowed secured claim of this creditor pursuant to 11 U.S.C.S. § 1222(b)(9). The Debtor states that such extended period of repayment is necessary in light of the value of the collateral securing said claim and the ability of the Debtor to repay said sum under the terms and conditions of repayment as set forth above. This creditor shall retain its statutory lien interest with respect to the collateral until such time as the claim proposed herein has been paid in full. This creditor shall promptly terminate its lien interest where the claims secured by such property are satisfied as provided for in this Plan.

The above stated payment to this creditor is to be made through the Chapter 12 Trustee. For the purpose of calculating timeliness of payment hereunder, moneys received by the Trustee shall be deemed paid to the creditor.

## XVIII

The Creditor CHACE AUTO FINANCE holds a purchase money security interest in a 2002 Chrysler Town & Country Van ("Van"). The value of the collateral, according to Kelly Blue Book values, is equal to $3625, which is greater than the claim of this creditor.

Debtor shall pay this claim in full an amount approximately equal to $2934 together with interest at the Formula Rate (estimated to be 5.25%) in thirty-six equal monthly payments of $88.26. The first such installment shall be due and payable on the 25th day of the first full month following confirmation of this Plan with like amount payments being due on the same date of each month for an additional 35 months.

The Debtor may prepay at any time in any amount without penalty.

The above stated payments to this creditor are, during the term of this Plan, to be made directly to this creditor, for purposes of ease and efficiency. No fee will be paid to the Trustee with respect to these payments because the Trustee will receive the maximum annual fee under other Plan payments.

## XIX

The Creditor CITIZENS BANK, WARWICK, RHODE ISLAND holds a purchase money security interest in a 2005 Dodge Dakota Quad Cab ("Pickup"). The value of the collateral, according to Kelly Blue Book values, is equal to $7875, which is greater than the claim of this creditor.

5

Debtor shall pay this claim in full an amount approximately equal to $6681 together with interest at the Formula Rate (estimated to be 5.25%) in thirty-six equal monthly payments of $201. The first such installment shall be due and payable on the 25th day of the first full month following confirmation of this Plan with like amount payments being due on the same date of each month for an additional 35 months.

The Debtor may prepay at any time in any amount without penalty.

The above stated payments to this creditor are, during the term of this Plan, to be made directly to this creditor, for purposes of ease and efficiency. No fee will be paid to the Trustee with respect to these payments because the Trustee will receive the maximum annual fee under other Plan payments.

## XX

The Creditor HSBC CARD SERVICES holds a purchase money security interest in a 2007 Kawasaki Mule ("Kawasaki"). The value of the collateral in the estimate of the Debtor is equal to $6000, which is less than the claim of this creditor.

Debtor shall pay this claim in full an amount approximately equal to $6000 together with interest at the Formula Rate (estimated to be 5.25%) in 60 equal monthly payments of $114. The first such installment shall be due and payable on the 25th day of the first full month following confirmation of this Plan with like amount payments being due on the same date of each month for an additional 35 months.

The Debtor may prepay at any time in any amount without penalty. The Debtor proposes that said payments extend for a period in excess of three years in order to provide for the payment in full of the allowed secured claim of this creditor pursuant to 11 U.S.C.S. § 1222(b)(9). The Debtor states that such extended period of repayment is necessary in light of the value of the collateral securing said claim and the ability of the Debtor to repay said sum under the terms and conditions of repayment as set forth above. This creditor shall retain its security interest with respect to the collateral until such time as the claim proposed herein has been paid in full. This creditor shall promptly terminate its security interest where the claims secured by such property are satisfied as provided for in this Plan.

The above stated payments to this creditor are, during the term of this Plan, to be made directly to this creditor, for purposes of ease and efficiency. No fee will be paid to the Trustee with respect to these payments because the Trustee will receive the maximum annual fee under other Plan payments.

## XXI

The creditor COMMUNITY BANK, ALMA holds interests in the following property: 1) a trust deed interest in the Real Estate with a value equal to $43,003 after accounting for the statutory lien for real estate taxes in the amount of $1368; 2) a lien

interest in the Dairy Facilities, with an undetermined value, considered by Debtor to be valueless; 3) a security interest in the equity in farm machinery and equipment with a value equal to $61,500 before accounting for the tax interest of Harlan County for personal property taxes, which values are based on Debtor's estimate of value; 4) the cattle owned by Debtor, being approximately 30 dairy heifers, with a value equal to $18,000, and 5) hay and oats having a value equal to $3150. The value of this collateral is less than the claim of this creditor.

Debtor shall pay this claim as follows:

A) <u>Machinery Note</u>: Debtor shall **surrender** to Community Bank the following items: JD 4440, Gopher Getter, fifteen Cement Bunks, Milking Equipment, Winco PTO generator, Corey Bale Wrapper, four 3-5 Ton Bulk tanks, , corn picker, nine tire feeders, field cultivator, 1963 Chevy truck, Blair grain trailer, WW 5-16 stock trailer, and a JD 700 grinder. Debtor shall **retain** the Krause Tandem disc, Case 1964 930D, 3500 dual loader, JD 4430, Kent 24' field cultivator, shredder, work saver hay equipment, tools, Mac Don Self Prop, Vermeer round baler, H&S hay rake, Heston self prop, Dixon mower, 7' box scraper, soil mover, sprayer tank pumps, and the Int. 15' drill, Polaris 4 wheeler and a1983 Chevy diesel van, with a value equal to $33,700, which amount, less the lien for taxes in the amount of $3714, being $29,236, shall be paid together with interest at the Formula Rate (estimated to be 5.25%) in five (5) equal annual installments of approximately $6974. The first such payment shall be due on or before December 15, 2010 with like payments in the same amount that shall become due and payable on the same date of each subsequent year for an additional 4 years.

B) <u>Cattle Note</u>: Debtor shall pay an amount equal to $21,150 (which represents 30 heifers and 70 bales of oat hay) together with interest at the Formula Rate (estimated to be 5.25%) in an amount equal to $22,260. This amount shall be paid in multiple installments over the course of 2010, which installments will coincide with the sale of the heifers. (The heifers are of different ages and sizes and so will not be sold all at the same time.) The total amount of $22,260 shall be paid on or before December 15, 2010.

C) <u>Land Debt</u>: Debtor shall pay an amount approximately equal to $43,003, being the value of the real estate less the prior lien for taxes (approximately $1368) with interest at the Formula Rate (estimated to be 5.25%) in thirty equal annual installments of approximately $2878. The first such payment shall be due on or before December 15, 2010 with like payments in the same amount that shall become due and payable on the same date of each subsequent year for an additional 29 years.

The Debtors shall <u>surrender</u> the Dairy Facilities. The Debtor shall no longer carry insurance on the facilities or incur personal property tax on them.

The Debtor may prepay at any time in any amount without penalty. The Debtor proposes that said payments extend for a period in excess of three years in order to

7

provide for the payment in full of the allowed secured claim of this creditor pursuant to 11 U.S.C.S. § 1222(b)(9). The Debtor states that such extended period of repayment is necessary in light of the value of the collateral securing said claim and the ability of the Debtor to repay said sum under the terms and conditions of repayment as set forth above. This creditor shall retain its trust deed and security interests with respect to the collateral and Real Estate until such time as the claim proposed herein has been paid in full. This creditor shall promptly terminate its trust deed and security interests where the claims secured by such property are satisfied as provided for in this Plan.

The above stated payments to this creditor are, during the term of this Plan, to be made through the Chapter 12 Trustee, with the exception of the Cattle Note payment, which in fact represents not an impairment of a claim but the feeding and sale of remaining livestock. For the purpose of calculating timeliness of payment hereunder, moneys received by the Trustee shall be deemed paid to the creditor.

## XXII

Any claim currently owing or that comes to be owing to a governmental unit, including without limitation the Internal Revenue Service/U.S. Department of the Treasury, the Nebraska Department of Revenue or Harlan County, Nebraska, which claim arises out of the sale of assets used in the Debtor's farming operation (which sale occurred pre-petition or post-petition during the pendency of this case), shall be treated under 11 U.S.C. § 1222 as a general unsecured claim, shall not be entitled to priority treatment under 11 U.S.C. § 507 and shall be discharged and rendered uncollectible under § 1222 provided that Debtors receive a bankruptcy discharge. Pursuant to Nebraska Rules of Bankruptcy Procedure 3015-1A, as amended by General Order No. 0506, the Debtor is sending to the affected governmental units copies of the Debtors' complete tax returns for the three years preceding the filing of this Chapter 12 case.

## XXIII

Payments to be made during the period of this Plan through the Chapter 12 Trustee are set forth in Exhibit "C" attached hereto

## XXIV

Payments to be remitted by the Debtor to the Chapter 12 Trustee during the period of this Plan are set forth in Exhibit "D" attached hereto.

## XXV

Exhibit B to this Chapter 12 Plan, a three-year cash flow projection under §1225(b)(1)(C) indicates that Debtor will have disposable income. Debtor shall remit to the Trustee for pro rata payment to approved unsecured creditors (those who have filed approved proofs of claim) an amount equal to $850 in each of the three years of this Plan. The first such payment shall be due one year from and after the date of confirmation,

with like payments in the same amount which shall become due and payable on the same date of each year thereafter for an additional 2 years.

## XXVI

Except as provided in 11 U.S.C.S. § 1228(a) and except as provided in this Plan or the order confirming this Plan, all of the property of the estate is, pursuant to 11 U.S.C.S. § 1227(b), vested in the Debtor free and clear of any claim or interest of any creditor provided for by this Plan.

## XXVII

Except as provided in 11 U.S.C.S. § 1228(a), the provisions of this Plan shall, upon confirmation, bind the Debtor, each and every creditor of this estate and each party in interest, whether or not the claim of such creditor or party is provided for by the Plan and whether or not such creditor or party has accepted or has rejected the Plan.

## XXVIII

Upon the payment by the Debtor of the sums required under this Plan, the real and personal property provided for in this Plan shall be owned by the Debtor free and clear of any lien or mortgage interest of any nature whatsoever held by any creditor of this estate except to the extent that said lien or mortgage interest is specifically allowed by this Plan.

## XXIX

The Debtor represents that it is within his ability to carry out this Plan and that it is submitted in good faith.

DATED: 12 October 2009

                                              Curt Pfeil & Deborah Pfeil, Debtors

                                              /s/ Joe M. Hawbaker
                                              Joe M. Hawbaker - #20563
                                              Hawbaker Law Office
                                              5405 Decatur
                                              Omaha, NE 68104
                                              (402) 558-3540

## NOTICE OF OBJECTION/RESISTANCE DEADLINE

TO:    The Debtor, Debtor's Attorney, Creditors and Other Interested Parties.

Please take note that on October 12, 2009 the foregoing pleading was electronically filed with the United States Bankruptcy Court for the District of Nebraska. Anyone who desires to object to or resist said Motion shall have until **November 3, 2009** to file an

objection or resistance with the *Bankruptcy Court Clerk, Federal Building #460, 100 Centennial Mall North, Lincoln, NE 68508*on with a copy served on Joe M. Hawbaker, Hawbaker Law Office, 5405 Decatur St., Omaha, NE 68104.  In the event there is an objection or resistance filed, the Clerk of said Court will set a date and time for a hearing on the objection or resistance.  If no objection or resistance is filed, the Court will consider the entry of an order granting the Motion without further notice or opportunity to be heard.

Please take notice that the provisions of Nebraska Rule of Bankruptcy Procedure 9013-1 will apply to any objections or resistances that are filed.

## **CERTIFICATE OF SERVICE**

I certify that on October 12, 2009 I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

I further certify that on October 13, 2009 I served the foregoing, together with any attachments, by U.S. Mail, postage prepaid, to all parties on the Debtor's matrix.

/s/ Joe M. Hawbaker
Joe M. Hawbaker - #20563

10

**Liquidation Analysis - Exhibit A**

| Item | Market Value | Lien or Interest | Equity for Estate |
|---|---|---|---|
| **Real estate** | $44,371.00 | | $44,371.00 |
| Taxes | | $1,368.00 | $43,003.00 |
| Community Bank, Stamford | | $188,766.00 | ($145,763.00) |
| **Dairy Barn, Coveralls** | $0.00 | | $0.00 |
| Community Bank | | $145,763.00 | ($145,763.00) |
| **Livestock Heifers** | $18,000.00 | | $18,000.00 |
| Community Bank | | $145,763.00 | ($127,763.00) |
| **Cat 262B Skidster** | $35,000.00 | | $35,000.00 |
| Caterpillar | | $36,412.00 | ($1,412.00) |
| **Challenger DL455** | $18,000.00 | | $18,000.00 |
| FCS | | $19,000.00 | ($1,000.00) |
| **Kawasaki Mule** | $6,000.00 | | $6,000.00 |
| Kawasaki | | $8,000.00 | ($2,000.00) |
| **Machinery/Equipment** | $57,122.00 | | $57,122.00 |
| Harlan County | | $3,714.00 | $53,408.00 |
| Commmunity Bank | | $127,763.00 | ($74,355.00) |
| **TITLED VEHICLES** | | | |
| **2005 Dodge Dakota** | $7,875.00 | | $7,875.00 |
| Citizens Bank | | $6,681.00 | $1,194.00 |
| Debtor Exemption | | $1,194.00 | $0.00 |
| **2002 Chrysler Van** | $3,625.00 | | $3,625.00 |
| Chace Auto Finance | | $2,911.00 | $714.00 |
| Debtor Exemption | | $714.00 | $0.00 |
| **2000 Lincoln Town Car ($3000), 1979Chevy Truck ($2500), 1983 GMC Van ($250),** | $5,750.00 | | $5,750.00 |
| Debtor Exemption | | $0.00 | **$5,750.00** |
| **Hay/Oats** | $3,150.00 | | $3,150.00 |
| Community Bank | | $74,355.00 | ($71,205.00) |
| **Cash & Accts** | $3,680.00 | | $3,680.00 |
| Debtors' exemption | | $3,680.00 | $0.00 |
| **Cash Value Life Insurance** | $5,000.00 | | $5,000.00 |
| Debtors' exemption | | $5,000.00 | $0.00 |
| **Musical Instruments** | $2,000.00 | | $2,000.00 |
| Debtors Exemption | | $1,320.00 | **$680.00** |
| **Goods & Furnishings Usual & Customary** | $0.00 | | $0.00 |
| Debtor Exemption | | $0.00 | $0.00 |
| **Potential Equity to Estate** | | | **$6,430.00** |
| **Administrative Costs** | Usual & customary | | |
| Cost of sale - land (10%) | | | $4,437.00 |
| Cost of sale - equipment/vehicles (10%) | | | $12,187.00 |
| Cost of Sale - livestock (10%) | | | $1,800.00 |
| **Potential tax consequences of liquidation as per attached** | | | Not determined |
| **Amount available for unsecured creditors** | | | ($11,994.00) |

## **EXHIBIT "B"**

<u>Cash Flow Projections – Three year – Excludes Sale of Heifers in Year One</u>

The Debtor anticipates, under the assumptions set forth below, the following income and expenses during the first year of this Chapter 12 Plan:

A. Gross Income:

| | |
|---|---|
| crop income | $ 15,000 |
| cattle income | $ |
| hay income | $ |
| rental income | $  1,500 |
| off farm income (net) | $ 34,536 |
| custom farm work | $ |
| government payments | $ |
| Cattle income (first year) | $ |

                                  TOTAL:    $ 51,036

B. Operation Expenses:

| | |
|---|---|
| real estate & prop taxes | $1500 |
| personal property tax | $ |
| land rents | $ |
| equipment rental | $ |
| machinery repair | $ |
| fuel | $400 |
| Seed | $500 |
| Fertilizer (manure spreading) | $1000 |
| Labor | $ |
| custom farm work | $ |
| swathing expenses | $500 |
| baling expenses | $1665 |
| other crop expense (planting) | $150 |
| feed | $ |
| veterinary | $ |
| trucking | $ |
| utilities | $family living |
| crop insurance | $ |
| automobile & property insurance | $5484 |
| life insurance | $2448 |
| interest on OL | $ |
| health insurance | $ |
| misc. expense/supplies/parts | $ |

                              TOTAL    $13,647
                            BALANCE  $37,389

C. Annual payments to be made in & out of Plan:    $16,405

| | | |
|---|---|---|
| D. | Annual Family Living Expenses: | $ 18,000 |
| E. | Administrative Expenses: | |
| | Chapter 12 Trustee | $ 1636 |
| | Attorney Fees | $ |
| | Accountant Fees | $ |
| | Income taxes | $ |
| F. | Disposable Income | $ 1348 |

(Gross income less operation expenses, less payments to secured creditors, less annual family living expenses and less administrative expenses)

G. This cash flow projection for the first year of the Plan is based on the following:

   (1) The Debtor will farm approximately 50  acres of owned dry crop land, in corn, to be harvested wet and sold in bales as feed to feedlots.
   (2) Yields are estimated to equal five tons per acre and to sell for $60 per ton

   (3) The current year, as well as beginning of 2010, cash flow includes the raising/maintenance of 30 bred heifers. The cost of raising the heifers is $15,000 in raised corn silage. The heifers will be sold in 2010 for an estimated amount of $45,000. The proceeds shall be used to pay the lienholder, Community Bank (Plan Paragraph XX.B) in the amount of $22,260, plus the first year's payment on the machinery note (Plan Paragraph XX.A).

   (10) Family living expenses will average $1500 per month, exclusive of utilities and insurance payments.

H. Attached as support for the foregoing assumptions are copies of the Schedule F forms filed with the Debtor's Federal Income Tax returns for the years 2005 through 2008. Debtors have liquidated their dairy herd.

I. The Debtor's non-farm income for the year 2008 was $0.00 as they were engaged full-time in running a dairy.

| | | |
|---|---|---|
| SCHEDULE F (Form 1040) | **Profit or Loss From Farming** | OMB No. 1545-0074 **2008** |
| Department of the Treasury Internal Revenue Service (99) | ► Attach to Form 1040, Form 1040NR, Form 1041, Form 1065, or Form 1065-B. ► See Instructions for Schedule F (Form 1040). | Attachment Sequence No. 14 |

Name of proprietor: **Deborah E Pfeil**
Social security number (SSN): **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**

**A** Principal product. Describe in one or two words your principal crop or activity for the current tax year.
milk

**B** Enter code from Part IV ► **112120**

**C** Accounting method: (1) [X] Cash  (2) [ ] Accrual

**D** Employer ID number (EIN), if any

**E** Did you 'materially participate' in the operation of this business during 2008? If 'No,' see instructions for limit on passive losses ..... [X] Yes  [ ] No

### Part I — Farm Income — Cash Method.
Complete Parts I and II (Accrual method. Complete Parts II & III, & Part I, line 11.)
Do not include sales of livestock held for draft, breeding, sport, or dairy purposes. Report these sales on Form 4797.

| | | | |
|---|---|---|---|
| 1 | Sales of livestock and other items you bought for resale | 1 | 400. |
| 2 | Cost or other basis of livestock and other items reported on line 1 | 2 | 250. |
| 3 | Subtract line 2 from line 1 | 3 | 150. |
| 4 | Sales of livestock, produce, grains, and other products you raised | 4 | 235,882. |
| 5a | Cooperative distributions (Form(s) 1099-PATR) ... 5a  101. | 5b Taxable amount | 5b  101. |
| 6a | Agricultural program payments (see instructions) ... 6a | 6b Taxable amount | 6b |
| 7 | Commodity Credit Corporation (CCC) loans (see instructions): | | |
| a | CCC loans reported under election | | 7a |
| b | CCC loans forfeited ... 7b | 7c Taxable amount | 7c |
| 8 | Crop insurance proceeds and federal crop disaster payments (see instructions): | | |
| a | Amount received in 2008 ... 8a | 8b Taxable amount | 8b |
| c | If election to defer to 2009 is attached, check here ► [ ]  8d Amount deferred from 2007 | | 8d |
| 9 | Custom hire (machine work) income | 9 | 6,450. |
| 10 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | 10 | |
| 11 | Gross income. Add amounts in the right column for lines 3 through 10. If you use the accrual method to figure your income, enter the amount from Part III, line 51 | ► 11 | 242,583. |

### Part II — Farm Expenses — Cash and Accrual Method.
Do not include personal or living expenses such as taxes, insurance, or repairs on your home.

| | | | | | | |
|---|---|---|---|---|---|---|
| 12 | Car and truck expenses (see instructions). Also attach Form 4562 | 12 | | 25 | Pension and profit-sharing plans | 25 |
| 13 | Chemicals | 13 | | 26 | Rent or lease (see instructions): | |
| 14 | Conservation expenses (see instructions) | 14 | | a | Vehicles, machinery, and equipment | 26a |
| 15 | Custom hire (machine work) | 15 | 7,837. | b | Other (land, animals, etc) | 26b |
| | | | | 27 | Repairs and maintenance | 27  3,190. |
| 16 | Depreciation and section 179 expense deduction not claimed elsewhere (see instructions) | 16 | 17,373. | 28 | Seeds and plants | 28  268. |
| | | | | 29 | Storage and warehousing | 29 |
| | | | | 30 | Supplies | 30  7,334. |
| 17 | Employee benefit programs other than on line 25 | 17 | | 31 | Taxes | 31  750. |
| 18 | Feed | 18 | 144,776. | 32 | Utilities | 32  6,627. |
| 19 | Fertilizers and lime | 19 | | 33 | Veterinary, breeding, and medicine | 33  5,014. |
| 20 | Freight and trucking | 20 | 10,745. | 34 | Other expenses (specify): | |
| 21 | Gasoline, fuel, and oil | 21 | 6,428. | a | adv | 34a  1,877. |
| 22 | Insurance (other than health) | 22 | 6,855. | b | office | 34b  225. |
| 23 | Interest: | | | c | milk testing | 34c  1,609. |
| a | Mortgage (paid to banks, etc) | 23a | 1,507. | d | bank charges | 34d  2,062. |
| b | Other | 23b | 3,813. | e | professional fees | 34e  350. |
| 24 | Labor hired (less employment credits) | 24 | | f | misc | 34f  2,026. |
| 35 | Total expenses. Add lines 12 through 34f. If line 34f is negative, see instructions | | | | ► 35 | 230,666. |
| 36 | Net farm profit or (loss). Subtract line 35 from line 11. Partnerships, see instructions. | | | | 36 | 11,917. |

• If a profit, enter the profit on both Form 1040, line 18, and Schedule SE, line 1a; or on Form 1040NR, line 19; or on Form 1041, line 6.
• If a loss, you must go on to line 37.

37 If you have a loss, you must check the box that describes your investment in this activity (see instructions).
• If you checked 37a, enter the loss on both Form 1040, line 18, and Schedule SE, line 1a; on Form 1040NR, line 19; or on Form 1041, line 6.
• If you checked 37b, you must attach Form 6198. Your loss may be limited.

37a [ ] All investment is at risk.
37b [ ] Some investment is not at risk.

BAA For Paperwork Reduction Act Notice, see instructions.    FDIZ0212  11/08/08    Schedule F (Form 1040) 2008

OMB No. 1545-0074

**SCHEDULE F**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service

**Profit or Loss From Farming**

► Attach to Form 1040, Form 1040NR, Form 1041, Form 1065, or Form 1065-B.
► See Instructions for Schedule F (Form 1040).

**2007**

Attachment Sequence No. **14**

Name of proprietor: Deborah E Pfeil

Social security number (SSN): 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

A Principal product. Describe in one or two words your principal crop or activity for the current tax year.
milk

B Enter code from Part IV ► 112120

C Accounting method:    (1) [X] Cash    (2) [ ] Accrual

D Employer ID number (EIN), if any

E Did you 'materially participate' in the operation of this business during 2007? If 'No,' see instructions for limit on passive losses ......... [X] Yes [ ] No

### Part I  Farm Income — Cash Method. Complete Parts I and II (Accrual method. Complete Parts II & III, & Part I, line 11.)
Do not include sales of livestock held for draft, breeding, sport, or dairy purposes. Report these sales on Form 4797.

| | | | |
|---|---|---|---|
| 1 Sales of livestock and other items you bought for resale | 1 | | |
| 2 Cost or other basis of livestock and other items reported on line 1 | 2 | | |
| 3 Subtract line 2 from line 1 | | 3 | |
| 4 Sales of livestock, produce, grains, and other products you raised | | 4 | 278,375. |
| 5a Cooperative distributions (Form(s) 1099-PATR) | 5a 594. | 5b Taxable amount | 5b 594. |
| 6a Agricultural program payments (see instructions) | 6a 1,601. | 6b Taxable amount | 6b 1,601. |
| 7 Commodity Credit Corporation (CCC) loans (see instructions): | | | |
| a CCC loans reported under election | | 7a | |
| b CCC loans forfeited | 7b | 7c Taxable amount | 7c |
| 8 Crop insurance proceeds and federal crop disaster payments (see instructions): | | | |
| a Amount received in 2007 | 8a | 8b Taxable amount | 8b |
| c If election to defer to 2008 is attached, check here ► [ ] | | 8d Amount deferred from 2006 | 8d |
| 9 Custom hire (machine work) income | | 9 | |
| 10 Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | | 10 | |
| 11 Gross income. Add amounts in the right column for lines 3 through 10. If you use the accrual method, enter the amount from Part III, line 51 | ► | 11 | 280,570. |

### Part II  Farm Expenses — Cash and Accrual Method.
Do not include personal or living expenses such as taxes, insurance, or repairs on your home.

| | | | | | |
|---|---|---|---|---|---|
| 12 Car and truck expenses (see instructions). Also attach Form 4562 | 12 | | 25 Pension and profit-sharing plans | 25 | |
| 13 Chemicals | 13 | 1,422. | 26 Rent or lease (see instructions): | | |
| 14 Conservation expenses (see instructions) | 14 | | a Vehicles, machinery, and equipment | 26a | 1,691. |
| 15 Custom hire (machine work) | 15 | 7,389. | b Other (land, animals, etc) | 26b | |
| | | | 27 Repairs and maintenance | 27 | 10,507. |
| 16 Depreciation and section 179 expense deduction not claimed elsewhere (see instructions) | 16 | 15,073. | 28 Seeds and plants | 28 | 1,102. |
| | | | 29 Storage and warehousing | 29 | |
| | | | 30 Supplies | 30 | 14,537. |
| 17 Employee benefit programs other than on line 25 | 17 | | 31 Taxes | 31 | 4,246. |
| 18 Feed | 18 | 119,922. | 32 Utilities | 32 | 5,240. |
| 19 Fertilizers and lime | 19 | | 33 Veterinary, breeding, and medicine | 33 | 8,020. |
| 20 Freight and trucking | 20 | 11,745. | 34 Other expenses (specify): | | |
| 21 Gasoline, fuel, and oil | 21 | 8,593. | a adv | 34a | 2,102. |
| 22 Insurance (other than health) | 22 | 6,953. | b office | 34b | 2,569. |
| 23 Interest: | | | c meals @ 50% | 34c | 10. |
| a Mortgage (paid to banks, etc) | 23a | | d milk testing | 34d | 2,226. |
| b Other | 23b | 34,042. | e | 34e | |
| 24 Labor hired (less employment credits) | 24 | | f | 34f | |
| 35 Total expenses. Add lines 12 through 34f. If line 34f is negative, see instructions | | | | ► 35 | 257,389. |
| 36 Net farm profit or (loss). Subtract line 35 from line 11. | | | | 36 | 23,181. |

* If a profit, enter the profit on Form 1040, line 18, and also on Schedule SE, line 1.
  If you file Form 1040NR, enter the profit on Form 1040NR, line 19.
* If a loss, you must go on to line 37. Estates, trusts, and partnerships, see instructions.

37 If you have a loss, you must check the box that describes your investment in this activity (see instructions).
* If you checked 37a, enter the loss on Form 1040, line 18, and also on Schedule SE, line 1.
  If you file Form 1040NR, enter the loss on Form 1040NR, line 19.
* If you checked 37b, you must attach Form 6198. Your loss may be limited.

37a [ ] All investment is at risk.
37b [ ] Some investment is not at risk.

BAA For Paperwork Reduction Act Notice, see instructions.    FDIZ0212    10/11/07    Schedule F (Form 1040) 2007

# SCHEDULE F
## (Form 1040)

Department of the Treasury
Internal Revenue Service (99)

**Profit or Loss From Farming**

▶ Attach to Form 1040, Form 1040NR, Form 1041, Form 1065, or Form 1065-B.
▶ See Instructions for Schedule F (Form 1040).

OMB No. 1545-0074

**2006**

Attachment Sequence No. 14

Name of proprietor: **CURTIS E PFEIL**

Social security number (SSN): **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**

**A** Principal product. Describe in one or two words your principal crop or activity for the current tax year. **MILK**

**B** Enter code from Part IV ▶ **112120**

**C** Accounting method: (1) [X] Cash  (2) [ ] Accrual

**D** Employer ID number (EIN), if any

**E** Did you 'materially' participate in the operation of this business during 2006? If 'No', see instructions for limit on passive losses.  [X] Yes  [ ] No

### Part I  Farm Income — Cash Method. Complete Parts I and II (Accrual method. Complete Parts II & III, & Part I, line 11.)
Do not include sales of livestock held for draft, breeding, sport, or dairy purposes. Report these sales on Form 4797.

| | | | |
|---|---|---|---|
| 1 | Sales of livestock and other items you bought for resale | 1 | |
| 2 | Cost or other basis of livestock and other items reported on line 1 | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 225,006. |
| 4 | Sales of livestock, produce, grains, and other products you raised | 4 | 510. |
| 5a | Cooperative distributions (Form(s) 1099-PATR) | 5a 9,045. | 5b Taxable amount 510. |
| 6a | Agricultural program payments (see instructions) | 6a 9,045. | 6b Taxable amount 9,045. |
| 7 | Commodity Credit Corporation (CCC) loans (see instructions): | | |
| 7a | CCC loans reported under election | | 7a |
| 7b | CCC loans forfeited | 7b | 7c Taxable amount |
| 8 | Crop insurance proceeds and federal crop disaster payments (see instructions): | | |
| 8a | Amount received in 2006 | 8a | 8b Taxable amount |
| 8c | If election to defer to 2007 is attached, check here ▶ [ ] | 8d | Amount deferred from 2005  0. |
| 9 | Custom hire (machine work) income | 9 | |
| 10 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | 10 | |
| 11 | Gross Income. Add amounts in the right column for lines 3 through 10. If you use the accrual method, enter the amount from Part III, line 51 | 11 | 234,561. |

### Part II  Farm Expenses — Cash and Accrual Method.
Do not include personal or living expenses such as taxes, insurance, or repairs on your home.

| | | | | | |
|---|---|---|---|---|---|
| 12 | Car and truck expenses (see instructions). Also attach Form 4562 | 12 | | 25 Pension and profit-sharing plans | 25 |
| 13 | Chemicals | 13 | | 26 Rent or lease (see instructions): | |
| 14 | Conservation expenses (see instructions) | 14 | | 26a Vehicles, machinery, and equipment | 26a 391. |
| 15 | Custom hire (machine work) | 15 | 1,853. | 26b Other (land, animals, etc) | 26b |
| 16 | Depreciation and section 179 expense deduction not claimed elsewhere (see instructions) | 16 | 15,381. | 27 Repairs and maintenance | 27 3,623. |
| | | | | 28 Seeds and plants | 28 742. |
| 17 | Employee benefit programs other than on line 25 | 17 | | 29 Storage and warehousing | 29 |
| 18 | Feed | 18 | 142,538. | 30 Supplies | 30 11,539. |
| 19 | Fertilizers and lime | 19 | | 31 Taxes | 31 6,756. |
| 20 | Freight and trucking | 20 | 14,442. | 32 Utilities | 32 3,885. |
| 21 | Gasoline, fuel, and oil | 21 | 4,992. | 33 Veterinary, breeding, and medicine | 33 4,170. |
| 22 | Insurance (other than health) | 22 | 8,142. | 34 Other expenses (specify): | |
| 23 | Interest: | | | 34a MILKERS | 34a 3,993. |
| 23a | Mortgage (paid to banks, etc) | 23a | 17,676. | 34b TESTING | 34b 1,951. |
| 23b | Other | 23b | | 34c BANK CHGS | 34c 2,135. |
| 24 | Labor hired (less employment credits) | 24 | | 34d DUES | 34d 55. |
| | | | | 34e ADVERTISING | 34e 2,509. |
| | | | | 34f See Line 34 Other expenses | 34f 3,447. |
| 35 | Total expenses. Add lines 12 through 34f. If line 34f is negative, see instructions | | | 35 | 250,220. |
| 36 | Net farm profit or (loss). Subtract line 35 from line 11. | | | | |
| | • If a profit, enter the profit on Form 1040, line 18, and also on Schedule SE, line 1. | | | | |
| | If you file Form 1040NR, enter the profit on Form 1040NR, line 19. | | | 36 | -15,659. |
| | • If a loss, you must go on to line 37. | | | | |
| 37 | If you have a loss, you must check the box that describes your investment in this activity (see instructions). | | | | |
| | • If you checked 37a, enter the loss on Form 1040, line 18, and also on Schedule SE, line 1. | | | 37a [X] All investment is at risk | |
| | If you file Form 1040NR, enter the loss on Form 1040NR, line 19. | | | 37b [ ] Some investment is not at risk | |
| | • If you checked 37b, you must attach Form 6198. Your loss may be limited. | | | | |

BAA For Paperwork Reduction Act Notice, see instructions.   FDIZ0212  11/10/05   Schedule F (Form 1040) 2006

**SCHEDULE F**
(Form 1040)

Department of the Treasury
Internal Revenue Service (99)

**Profit or Loss From Farming**

► Attach to Form 1040, Form 1041, Form 1065, or Form 1065-B.
► See Instructions for Schedule F (Form 1040).

OMB No. 1545-0074

**2005**

Attachment Sequence No. **14**

Name of proprietor: CURTIS E PFEIL

Social security number (SSN): 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

A  Principal product. Describe in one or two words your principal crop or activity for the current tax year.
MILK

B  Enter code from Part IV ► 112120

C  Accounting method: (1) [X] Cash   (2) [ ] Accrual

D  Employer ID number (EIN), if any

E  Did you 'materially participate' in the operation of this business during 2005? If 'No,' see instructions for limit on passive losses ........ [X] Yes [ ] No

### Part I  Farm Income — Cash Method. Complete Parts I and II (Accrual method. Complete Parts II & III, & Part I, line 11.)

Do not include sales of livestock held for draft, breeding, sport, or dairy purposes; report these sales on Form 4797.

| | | |
|---|---|---|
| 1 Sales of livestock and other items you bought for resale | 1 | |
| 2 Cost or other basis of livestock and other items reported on line 1 | 2 | |
| 3 Subtract line 2 from line 1 | 3 | |
| 4 Sales of livestock, produce, grains, and other products you raised | 4 | 198,956. |
| 5a Cooperative distributions (Form(s) 1099-PATR)  5a  1,270.   5b Taxable amount | 5b | 1,270. |
| 6a Agricultural program payments (see instructions)  6a    6b Taxable amount | 6b | |
| 7 Commodity Credit Corporation (CCC) loans (see instructions): | | |
| a CCC loans reported under election | 7a | |
| b CCC loans forfeited  7b   7c Taxable amount | 7c | |
| 8 Crop insurance proceeds and Federal crop disaster payments (see instructions): | | |
| a Amount received in 2005  8a  2,661.   8b Taxable amount | 8b | 2,661. |
| c If election to defer to 2006 is attached, check here ► [ ]   8d Amount deferred from 2004 | 8d | |
| 9 Custom hire (machine work) income | 9 | |
| 10 Other income, including Federal and state gasoline or fuel tax credit or refund (see instructions) | 10 | |
| 11 Gross Income. Add amounts in the right column for lines 3 through 10. If you use the accrual method, enter the amount from Part III, line 51 ► | 11 | 202,887. |

### Part II  Farm Expenses — Cash and Accrual Method.
Do not include personal or living expenses such as taxes, insurance, repairs, etc, on your home.

| | | | | | |
|---|---|---|---|---|---|
| 12 Car and truck expenses (see instructions — also attach Form 4562) | 12 | | 25 Pension and profit-sharing plans | 25 | |
| 13 Chemicals | 13 | | 26 Rent or lease (see instructions): | | |
| 14 Conservation expenses (see instructions) | 14 | | a Vehicles, machinery, and equipment | 26a | |
| 15 Custom hire (machine work) | 15 | | b Other (land, animals, etc) | 26b | |
| 16 Depreciation and section 179 expense deduction not claimed elsewhere (see instructions) | 16 | 25,238. | 27 Repairs and maintenance | 27 | 8,513. |
| | | | 28 Seeds and plants | 28 | 1,083. |
| | | | 29 Storage and warehousing | 29 | |
| | | | 30 Supplies | 30 | 7,497. |
| 17 Employee benefit programs other than on line 25 | 17 | | 31 Taxes | 31 | 4,490. |
| 18 Feed | 18 | 72,465. | 32 Utilities | 32 | 3,624. |
| 19 Fertilizers and lime | 19 | | 33 Veterinary, breeding, and medicine | 33 | 3,334. |
| 20 Freight and trucking | 20 | 10,221. | 34 Other expenses (specify): | | |
| 21 Gasoline, fuel, and oil | 21 | 4,600. | a MILKERS | 34a | 4,927. |
| 22 Insurance (other than health) | 22 | 14,057. | b TESTING | 34b | 1,749. |
| 23 Interest: | | | c BANK CHGS | 34c | 4,330. |
| a Mortgage (paid to banks, etc) | 23a | 18,969. | d DUES | 34d | 112. |
| b Other | 23b | | e ADVERTISING | 34e | 1,794. |
| 24 Labor hired (less employment credits) | 24 | | f | 34f | 0. |

| | | |
|---|---|---|
| 35 Total expenses. Add lines 12 through 34f ► | 35 | 187,003. |
| 36 Net farm profit or (loss). Subtract line 35 from line 11. | | |
| • If a profit, enter on Form 1040, line 18, and also on Schedule SE, line 1. | 36 | 15,884. |
| • If a loss, you must go on to line 37. Estates, trusts, and partnerships, see instructions. | | |

37 If you have a loss, you must check the box that describes your investment in this activity (see instructions).
• If you checked 37a, enter the loss on Form 1040, line 18, and also on Schedule SE, line 1.
• If you checked 37b, you must attach Form 6198. Your loss may be limited.

37a [ ] All investment is at risk
37b [ ] Some investment is not at risk

BAA For Paperwork Reduction Act Notice, see instructions.

FDIZ0212   11/14/05

Schedule F (Form 1040) 2005

**EXHIBIT "C"**
**Payments to Creditors through the Chapter 12 Trustee**
**During the Period of the Plan**

| Creditor | Plan Paragraph | Claim Amount | Payment Amount | Payment Date |
|---|---|---|---|---|
| TAC INV. | XVI | $1428 | $1500 | One month after confirmation |
| Harlan Cty Treas. | XVII | $3714 | $864 | 12/1/5/2010<br>12/15/2011<br>12/15/2012 |
| CHASE Auto | XVIII | $2934 | $88.26 | 25th of each month as of first full month after confirmation |
| Citizens Bank, RI | XIX | $6681 | $201 | 25th of each month as of first full month after confirmation |
| HSBC Card | XX | $6000 | $114 | 25th of each month as of first full month after confirmation |
| Community Bank, Alma | XXI(a) Machinery | $29,236 | $6974 | 12/1/5/2010<br>12/15/2011<br>12/15/2012 |
| Community Bank, Alma | XXI(b) Cattle | $21,150 | $22,260 | On or before 12/1/5/2010 as cattle are sold |
| Community Bank, Alma | XXI(c) | $43,003 | $2878 | 12/1/5/2010<br>12/15/2011<br>12/15/2012 |
| Unsecureds | XXV | $2550 | $850 | 12/1/5/2010<br>12/15/2011 |

|  |  |  |  | 12/15/2012 |

**EXHIBIT "D"**
**Payments to Chapter 12 Trustee**
**During Period of Plan**

| Payment Date | Creditor Payment | Trustee Fees | Total Payment |
|---|---|---|---|
| Monthly | $403.26 | $40 | $443.26 |
| 12/15/2010 | $11,566 | $1156 | $12,722 |
| 12/15/2011 | $11,566 | $1156 | $12,722 |
| 12/15/2012 | $11,566 | $1156 | $12,722 |
| By 12/15/2010 | $22,260 | $2226 | $24,486 |
| One month after confirmation | $1500 | $150 | $1650 |